25 C.C.P.A. (Patents)

## In re WHITE.
### Patent Appeals No. 3912.

Court of Customs and Patent Appeals.
April 25, 1938.

Comfort S. Butler, of Chicago, Ill., and Earle D. Crammond, of Washington, D. C., for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting all of the claims, 1 to 7, inclusive, in appellant's application for a patent for an alleged invention relating to closure caps for containers.

Claims 2 and 3 are illustrative of the appealed claims. They read:

"2. A closure cap for containers comprising a shell having a top panel and depending annular skirt, a liner of sheet material covering the lower surface of the top panel and having a depending side portion adhesively secured in covering relationship to the upper inner surface of the skirt, and a sleeve gasket of sealing material lying against the lower portion of the skirt and overlapping the depending side portion of the liner in position to be compressed between said side portion of the liner and the periphery of a vessel intruded within the gasket.

"3. A closure cap for containers comprising a shell formed with a top panel and a depending annular skirt, the skirt being formed with a flaring lower portion and an upper portion of smaller internal compass than said flaring portion, a liner of sheet material having a top portion covering the under surface of the top panel and having a side portion extending downwardly along the upper portion of the skirt, and a sleeve gasket of elastic sealing material held under circumferential constriction by the skirt with its upper edge spaced from the top portion of the liner but overlapping the side portion of the liner."

The references are: Carvalho, 1,413,654, April 25, 1922; White, 1,807,187, May 26, 1931.

The patent to White relates to a method of making closure caps, and discloses an elastic sleeve gasket of sealing material positioned in the closure cap, precisely as is the gasket disclosed in appellant's application, its upper edge being spaced from the top of the cap. In his specification the patentee repeatedly states the desirability of having the top of the gasket spaced from the top of the cap, and, in one instance, states that "By employing a gasket of such length and positioning it in the cap in such relationship that there is a substantial space

between the top of the gasket and the top of the cap, I am enabled to use a cap of sufficient size and a gasket of sufficient thickness to accommodate all variations within the commercial tolerances of a rated vessel size without sacrifice of security or certainty of the seal."

It is conceded by counsel for appellant that, with the exception of a liner, which is not disclosed in the White patent, the patentee discloses a cap and a gasket structure similar to that of the present application.

The patent to Carvalho relates to a receptacle closure, and discloses a cap with a lining member and a gasket. The patentee does not, however, disclose a lining member "extending downwardly" in overlapping relation with respect to the gasket, as does appellant.

The details of appellant's alleged invention are, we think, sufficiently set forth in the quoted claims.

The issue in the case is whether, in view of the fact that Carvalho suggests the advisability of having a lining of some material in a cap closure, it involves invention to add to the patentee White's disclosure a lining of sheet material covering the under surface of the top of the cap, and extending downwardly along the upper portion of the skirt of the cap to such an extent that the patentee's gasket, when placed, in position, overlaps the downwardly extending portions of the lining.

In his statement, the Primary Examiner observed that the addition of such a lining to the patentee White's disclosure did not involve invention, in view of the patent to Carvalho, and said:

"Comparing applicant's cap * * * with the White cap * * * it is seen that the two caps are the same structurally and functionally.

"The difference in applicant's cap over the White cap is in the inclusion of the liner * * *.

"The cap of Carvalho is seen to be of the same type as the White cap and the cap of the present application. The Carvalho device includes a liner * * * to prevent the contents of the receptacle from contacting the material of the cap itself. This is the obvious liner function and it has been held of record that it is obvious to provide a liner in a cap. The specific size and shape of such liner is, of course, dependent on the cap structure with which it is to [be] used."

The holding of the Examiner is expressed of record as follows:

"Claims 1 to 6, inclusive, are rejected as unpatentable over White. No invention is seen in lining the White cap.

"Claims 1 to 6, inclusive, are rejected as unpatentable over White and Carvalho, Carvalho suggests lining such a cap as shown by White."

"The desirability of lining a cap of the kind illustrated by White, of record, is deemed to be obvious. This being so the obvious means to line such cap is to form a liner to fit with the cap. It is not deemed to be unobvious to form a cap shaped liner to fit within a cap. * * *

"As stated of record, the desirability of lining a cap such as shown in the White patent, of record, is obvious. Carvalho further teaches lining such a cap. Broadly, applicant is deemed to have done no more than to make a liner for the White cap in an obvious way to fit the cap."

In its decision, the Board of Appeals said, inter alia:

"* * * Carvalho does disclose the liner 15 as extending into sealing relation between the cap and the assembled container wall in a manner to prevent liquids in the container from contacting with the material of the cap and it is considered that to merely extend this liner to downwardly overlapping relation with the gasket for the purpose of rendering the seal more effective by reason of the contact between the liner and the yieldable gasket material would be an expected result of such extension and would not amount to a patentable improvement."

Counsel for appellant contend that appellant's combination is new and useful; that there is nothing in the references to suggest the advisability of extending the lining disclosed in the patent to Carvalho downwardly along the cap skirt; that the desirability of such modification is taught only by appellant's application; and that to extend the liner downwardly along the cap skirt in Carvalho's structure would make the structure inoperative.

The issues in the case are simple, and we deem it unnecessary to discuss all of the many arguments and suggestions made by counsel for appellant.

It should be borne in mind that the cap closure disclosed in the White patent, including the gasket, is the same, with the exception of the lining member, as that defined

in the appealed claims. If any suggestion were needed that the patentee White's cap closure could be improved by the addition of a lining, that suggestion was clearly disclosed in the Carvalho patent.

Obviously, appellant would have accomplished nothing worth while had he provided a lining which merely covered the under part of the top of the White structure, because the gasket in the White structure was spaced apart from the top of the cap, and, in order to equip that structure with a proper lining, it was obviously necessary that the lining extend downwardly along the skirt of the cap and in overlapping relation with respect to the gasket, otherwise the contents of the receptacle would come in contact with the cap as well as the cap lining.

Appealed claim 1 specifies that the lining material is composed of metal foil, and claim 2 specifies that the lining material is adhesively secured to the cap.

We think it is clear that those limitations do not lend patentability to the appealed claims.

We are in entire accord with the conclusion reached by the tribunals of the Patent Office.

The decision of the Board of Appeals is affirmed.

Affirmed.